## Kingsley's Adm'x v. Spurlock.

November 16, 1948.

Joe Hobson for appellant.

Joe Tackett for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This has been a long drawn out suit. The petition was filed by H. R. Kingsley on November 11, 1936. Under it he sought to recover of defendant, H. B. Spurlock, the sum of $5800 alleged due him as his portion of the profits of a partnership which he alleged existed with said Spurlock. Kingsley died January 30, 1938, and the suit was revived a year later by his widow and administratrix, Gale Kinsley, appellant herein. The petition alleges in substance that H. R. Kingsley, who will be designated herein as plaintiff, and H. B. Spurlock, who will be designated herein as defendant, as partners drilled seven oil and gas wells at a net profit of $15,400 of which plaintiff is entitled to one half, or $7700, subject to a credit of $1900, leaving the sum of $5800, the amount prayed for in the petition. It further alleges that plaintiff is half owner of two sets of drilling tools, referred to in the petition, and asks that these tools be divided equally between plaintiff and defendant. He prays that the partnership be dissolved and the partnership accounts be settled and a receiver appointed to receive and dispose of all partnership property as the court may direct. Defendant filed his answer denying the allegations of the petition.

He admits in his answer that a tentative partnership agreement was entered into between plaintiff and defendant but was never consummated and defendant proceeded to operate on his own account, bought tools and paid for them, made contracts for drilling wells, all without the assistance or co-operation of plaintiff, and that there was never a partnership between plaintiff and defendant. A reply filed by plaintiff made up the issues.

On February 20, 1937, the case was referred to the

Master Commissioner for the purpose of determining whether or not a partnership existed between plaintiff and defendant and if so, to make settlement of said partnership. For the next three years, from time to time, proof on behalf of the plaintiff was taken before the Commissioner, the last being about September 14, 1940, and depositions were taken at other places and filed by the plaintiff prior to that time. About one year later, on September 19, 1941, J. D. Bond, who was Master Commissioner when the case was referred and Special Master at the time, filed his report as such. This report is brief and states in substance that from the evidence produced before him (which was only plaintiff's proof) he found that plaintiff, H. R. Kingsley, deceased, and defendant, H. B. Spurlock, were in fact partners at the time of the former's death and were engaged in the operation of two oil and gas drilling outfits. He further reported that it had been impossible to settle the partnership accounts because all account books and records appeared to be in the hands of defendant Spurlock who had failed and refused to produce same for accounting on the ground that no partnership existed and he should not be required to produce said records. He asked that his finding of fact that a partnership existed be approved and that the court compel the defendant to produce his books and records for an accounting.

Exceptions to this report were filed by defendant but these exceptions were overruled by order entered November 6, 1942, the report was approved, and the case was referred to J. B. Clarke, Master Commissioner, for the purpose of settling the partnership accounts. Subsequently, on February 28, 1943, on defendant's motion, the order of November 6, 1942, was set aside and the case was again referred to J. B. Clarke, Master Commissioner, to hear further evidence for both plaintiff and defendant and file his report at the next term of the court. Additional proof was taken before the Commissioner by plaintiff and defendant and depositions taken by each were filed. On May 6, 1943, J. B. Clarke, Commissioner, filed his report which, after setting out the facts in the case as shown by the pleadings but without analyzing the proof, concludes as follows:

"After a careful consideration of the pleadings, proof, exhibits filed, and the authorities which your Com-

missioner has been able to find by research, he would respectfully report that it is his opinion the evidence fails to establish the existence of a partnership between plaintiff and defendant, and your Commissioner would respectfully recommend that an order should be entered by this Court dismissing the petition and counter-claim, because of failure of competent and adequate proof to support either the petition or the counter-claim.''

On defendant's motion his counterclaim, referred to in the Commissioner's report, was dismissed without prejudice. On motion of the plaintiff supported by affidavits the case was re-referred to the Master Commissioner for a further hearing on account of newly discovered evidence claimed by the plaintiff. Additional depositions were taken and filed and additional proof by both plaintiff and defendant was taken before the Commissioner. On July 1, 1944, the supplemental report of J. B. Clarke, Master Commissioner, was filed containing the following:

''Your Commissioner would respectfully report that subsequent to the filing of his original report herein on May 6, 1943, and the re-reference to him, he held a hearing on January 11, 1944, at which proof was taken and subsequently proof was taken by depositions and filed herein; that after considering all said additional proof your Master is of the opinion that there is *now* (not) sufficient evidence to establish the existence of a partnership between H. R. Kingsley, deceased, and H. B. Spurlock. He, therefore, recommends as in his original report.''

Exceptions were filed by plaintiff both to the original and supplemental report of J. B. Clarke, Master Commissioner, and defendant moved for confirmation of both reports. On December 4, 1944, judgment was entered which, after ruling on exceptions to parts of the testimony offered by both sides, says:

''It is further adjudged by the Court that the exceptions filed by the plaintiff on May 10, 1943, and those filed by her on July 1, 1944, to the Commissioner's report and Supplemental report herein be and they are each overruled and each of said reports are hereby adjudged ratified, confirmed and approved, to which ruling of the Court the plaintiff excepts.

"It is, therefore, adjudged by the Court that the plaintiff, having failed to meet the burden of proving that there was a partnership existing between H. R. Kingsley and H. B. Spurlock and having failed to prove a case herein, her petition is hence dismissed and she shall take nothing thereby."

The appeal from this judgment granted by the lower court was not perfected within the required time for such appeals but near the end of the two year period, to-wit, on August 27, 1946, appeal was granted by the clerk of this court under the provisions of Sec. 734 of the Civil Code of Practice, and the record is now before us for review.

### Points on Appeal

In his brief appellant urges four grounds for reversal: (1) The court erred in setting aside its order of November 6, 1942, overruling appellee's exceptions to the report of Mr. Bond, Special Commissioner; (2) the two reports of Mr. Clarke, Master Commissioner, finding that the evidence was not sufficient to establish a, partnership relation between Kingsley and Spurlock are unsupported by the record and the court erred in overruling appellant's exceptions to such reports; (3) the court erred in his ruling on the exceptions to the testimony offered herein.

These grounds will be considered in that order.

### I

The report of Special Commissioner Bond is clearly not a complete report but only a partial one and was evidently filed by him in September 1941, after the case had been proceeding at a snail's pace for five years, in a desperate effort to bring the case to a conclusion. Both sides had been dilatory. Defendant's attorney had been appointed Assistant United States District Attorney for the Eastern District of Kentucky and was away from Prestonsburg most of the time and, in addition thereto, he had suffered severe injuries in an automobile accident, all of which interfered with his prompt handling of the details of this case. After this report was filed, appellee employed new counsel and in his motion to set aside the order confirming the report of the Special Com-

missioner he says that plaintiff had never closed her testimony in chief and there was no warning or notice to the defendant that a report was about to be filed. Other circumstances set out in the defendant's motion to set aside the order, not necessary to set out here in detail, apparently justified the Chancellor in setting aside the order. The setting aside of an order of this kind in the furtherance of justice is a matter in which a Chancellor has a large discretion and we cannot say he abused that discretion any more than he did after Commissioner Clarke had filed his first report and the court allowed the case to be re-opened at the instance of the plaintiff and additional proof taken on plaintiff's behalf. We therefore hold that the court did not err in setting aside its order of November 6, 1942, which in effect allowed defendant to introduce proof on his side of the case before the Commissioner, thus allowing testimony in the case to be completed.

## II

The principal ground of complaint and the one on which appellant chiefly relies for reversal is that the court erred in upholding the finding of the Master Commissioner that the evidence was not sufficient to establish a partnership relation between Kingsley and Spurlock. It would serve no useful purpose and be of no value to the profession to unduly lengthen this opinion by a resume of the evidence produced by the opposing parties. We have carefully read all of this evidence and under it we think the Master Commissioner was justified in his findings that there was not sufficient evidence to establish a partnership relation between plaintiff and defendant. There is of course some evidence tending to show such partnership but this is met by positive evidence to the contrary. The most that can be said is that the evidence is conflicting and where there is conflict in the evidence and the mind is left in doubt, the decision of fact by the Chancellor will not be disturbed, especially where this decision is confirmatory of the findings of the Commissioner, as in this case. But over and beyond this, our independent examination of the evidence convinces us that the appellant failed to meet the burden which she had of proving the existence of a partnership between decedent, H. R. Kingsley and H. B. Spurlock.

## III

In the considerable proof taken by both sides before the Commissioner and by depositions before examiners and official stenographers there was, quite naturally, some incompetent evidence which got into the record. Objections were made and exceptions saved at the time. In many instances the Commissioner did not rule on the admissibility of particular evidence but withheld his ruling and allowed the testimony to go into the record. Plaintiff filed with the court exceptions to 55 questions and answers or parts thereof included in defendant's testimony and the court sustained exceptions to 16 of these and overruled the remainder. Defendant filed exceptions to 82 questions and answers or parts thereof and the court sustained exceptions as to 49 of these and overruled the remainder. We have again examined each of these questions and answers in the light of the Chancellor's ruling thereon and on the whole we think his rulings on the exceptions were correct. On a few of them we think his rulings were incorrect but they were not such as to be prejudicial to plaintiff's substantial rights or to justify a reversal on this ground.

### Conclusion

After careful consideration of the whole case, we are of the opinion that the judgment of the lower court is correct and it is therefore affirmed.

Judgment affirmed.